■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE MARINO, Appellant. [667 NYS2d 253] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered July 6, 1995, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth degree, and sentencing him as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. *Miranda* warnings were unnecessary because defendant was not in custody when the detective asked him two questions of an investigatory nature. Under the totality of the circumstances herein, a reasonable innocent person would not have believed himself to be in custody (*see, People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851; *see also, Oregon v Mathiason*, 429 US 492, 495).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence of defendant's knowledge that the property was stolen, including his contradictory and patently false explanations of his acquisition of the property.

Defendant's remaining contention is unpreserved and without merit. Concur—Ellerin, J. P., Nardelli, Wallach and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL RICHARD, Also Known as RALPH JACKSON, Also Known as KENNETH RICHARDSON, Appellant. [668 NYS2d 386] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered November 27, 1990, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Reasonable suspicion supporting the forcible detention of defendant was supplied by lengthy police observations of defendant's complex, unusual, and suspicious pattern of "casing"-type behavior, strongly suggestive of a known series of armed robberies in the neighborhood that targeted movie theaters in particular, coupled with the fact that defendant met a general description of one of the robbers (*see, People v Reyes*, 91 AD2d 935). An officer then properly "frisked" defendant's briefcase since it was within his grabbable area, and, upon feeling what the officer believed to be a weapon and seeing defendant roll his eyes in response, lawfully retrieved the loaded revolver from inside (*People v Brooks*, 65 NY2d 1021). Concur—Ellerin, J. P., Nardelli, Wallach and Rubin, JJ.